The Honorable Brian Lynch
Chapter 11
Location: Tacoma
Hearing Date: September 24, 2014
Hearing Time: 9:00 A.M.
Response Date: September 17, 2014

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In Re:<br><br>REMIAN LLC,<br>                    Debtor.<br><br>HONG CHEOL PARK, AND HIS ESTATE COMPRISED OF REMIAN LLC, AND GREGORY S. TIFT, individually,<br><br>                    Plaintiffs,<br><br>v.<br><br>FANNIE MAE AKA FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FNMA"), JP MORGAN CHASE BANK, N.A. ("JPMC"), SUSAN ALTERMAN ("TRUSTEE"), and individually, RAINER FORECLOSURE SERVICES INC., and Nominal Defendants FEDERAL DEPOSIT INSURED CORPORATION AT OFFICE OF INSPECTOR GENERAL SPECIAL AGENT MICHAEL WIXTED,<br><br>                    Defendants. | Case No. 14-44056-BDL<br><br>Adv. Proc. No. 14-04214-BDL<br><br>DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), 8, AND 9(b) |

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b)

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 1 of 16

# TABLE OF CONTENTS

*Page*

I. STATEMENT OF FACTS .................................................................................................3
    A. Procedural History .................................................................................................3
    B. Ms. Alterman's Involvement. ................................................................................4

II. STATEMENT OF ISSUES ................................................................................................4

III. EVIDENCE RELIED ON...................................................................................................4

IV. AUTHORITY .....................................................................................................................4
    A. Applicable Legal Standards. ..................................................................................5
        i. Dismissal pursuant to FRCP 12(b)(6) and FRCP 8. ..................................5
        ii. Enhanced pleading standards under FRCP 9(b). ......................................6
    B. Plaintiffs' Complaint Fails To Allege Facts Sufficient To Sustain A RICO Claim Against Ms. Alterman. .................................................................................6
    C. Pursuant To FRCP 12(B)(6), 8 And 9(B), Plaintiffs' Claim For Fraudulent Misrepresentation Should Be Dismissed Because Plaintiffs Fail To Allege The Elements Of Fraud With Sufficient Particularity. ............................................9
    D. Plaintiffs Identify No Cause Of Action For Damages Under The Deed Of Trust Act Where Ms. Alterman Is A Proper Defendant. ........................................10
    E. Plaintiffs' Claim Against Ms. Alterman For Violation Of The Washington CPA Is Frivolous And Should Be Dismissed. .........................................................11
    F. Plaintiffs' Claim For Breach Of Contract And Accounting Fails As A Matter Of Law Because No Contract Exists Between Plaintiffs And Ms. Alterman. ...............................................................................................................12
    G. Ms. Alterman Is An Improper Defendant For Plaintiffs' Claim For Injunctive Relief.......................................................................................................12
    H. Remian LLC, As A Washington Limited Liability Company, Cannot Bring This Action Unless It Is Represented By Counsel. .......................................13
    I. Park Has No Statutory Right To Restrain The Foreclosure Sale. .........................13
    J. Dismissal With Prejudice Is Appropriate Because Plaintiffs' Claims Against Ms. Alterman Are In Bad Faith And For Dilatory Motive.......................13

V. CONCLUSION..................................................................................................................14

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – i

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 2 of 16

## INTRODUCTION AND RELIEF REQUESTED

Defendant Susan T. Alterman ("Ms. Alterman") respectfully moves to dismiss all of Plaintiffs' claims against her pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6), 8 and 9(b).

This case arises out of the non-judicial foreclosure of a commercial Deed of Trust on a Tacoma apartment building owned by Plaintiff Remian LLC. Plaintiff Park is a member and manager of Remian LLC. Defendant Fannie Mae owns the promissory note that the Deed of Trust secures. Defendant JPMorgan Chase Bank, N.A. ("JPMC") services the loan. The Deed of Trust includes an assignment of the rents of the apartment building, which Fannie Mae also holds as security for the promissory note. Remian LLC is obligated on the promissory note. Plaintiff Tift ("Tift") claims that he assisted Remian LLC in attempts to obtain loan modifications and asserts legal conclusions that he is "a secured lien holder on the property" without any factual bases for such legal rights. Ms. Alterman was formerly the trustee of the Deed of Trust, a role that is now indisputably held by defendant Rainier Foreclosure Services, Inc.

Remian LLC stopped making payments and defaulted on the promissory note in March, 2013. Fannie Mae commenced a non-judicial foreclosure of the Deed of Trust and filed an action in state court to appoint a receiver to collect the rents of the apartment building. Remian LLC, Park, and Tift removed that action to federal court. The federal court promptly remanded the receivership action to the state court, which then granted Fannie Mae's motion and appointed a receiver.

The day after the receiver was appointed Remian LLC filed a Chapter 11 petition in this court, and several days later filed this action in state court. Defendant Fannie Mae removed this action to this court. This court has dismissed Remian LLC's bankruptcy petition and has retained jurisdiction over this adversary action.

Remian LLC filed this action *pro se* and has at no time been represented by counsel, either in the state court action or in bankruptcy court. As a corporate entity Remian LLC can

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 3 of 16

only appear through counsel. The complaint by Remian LLC is therefore legally defective.

Ms. Alterman moves to dismiss Plaintiffs' claims against her because Plaintiffs have failed to state a claim. Plaintiffs' suit against Ms. Alterman is legally insufficient and is merely a part of Plaintiffs' continuing scheme to collect the rents without paying the loan or having the foreclosure sale occur, in violation of the Deed of Trust and its assignment of rents. As a result, Ms. Alterman asks the court to dismiss Plaintiffs' claim with prejudice.

Specifically, Ms. Alterman seeks the following relief as to the claims against her:

1. Dismissal with prejudice of Plaintiffs' Claim I for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") because Plaintiffs assert only bare conclusory allegations without alleging facts for RICO standing or any other of the elements of a RICO claim under either the Rule 8 plausibility pleading standard or the Rule 9(b) particularity pleading standard applicable to allegations of fraud;

2. Dismissal with prejudice of Plaintiffs' Claim II for Fraudulent Misrepresentation because Plaintiffs assert only bare generalized conclusory allegations without alleging facts required under the Rule 8 plausibility pleading standard or the Rule 9(b) particularity pleading standard applicable to allegations of fraud, and because Plaintiffs have failed to allege any misrepresentation by Ms. Alterman on which Plaintiffs could have reasonably relied;

3. Dismissal with prejudice of Plaintiffs' Claim III for Breach of the Deed of Trust Act ("DOTA") because Plaintiffs have failed to allege any plausible violation sufficient to give rise to any cause of action for damages against Ms. Alterman;

4. Dismissal with prejudice of Plaintiffs' Claim IV for violation of the Washington State Consumer Protection Act ("CPA") because Plaintiffs' have failed to allege facts satisfying the requirement of Rule 9(b), or any facts that indicate how this private dispute satisfies the requisite element of public interest impact, and because the claim against Ms. Alterman is based on allegations that are contradicted by the public record, including Plaintiff Remian LLC's own prior declarations;

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 4 of 16

5. Dismissal with prejudice of Plaintiffs' Claim V for Breach of Contract and Accounting because Plaintiffs fail to allege the existence of a contract between Plaintiffs and Ms. Alterman; and

6. Dismissal with prejudice of Plaintiffs' Claim VI for Injunctive Relief Restraining Sale because Ms. Alterman is no longer the acting Trustee under the Deed of Trust and is therefore an improper defendant for that claim (in addition to the absence of other plausible fact pleading that would entitle any of the Plaintiffs to restrain the sale).

## I. STATEMENT OF FACTS

### A. Procedural History

This dispute began when Plaintiff Remian LLC defaulted on a promissory note by failing to make timely payments to Defendant Fannie Mae ("Fannie Mae"), the promissory note holder. *See* Exhibit E (Petition for Appointment of Custodial Receiver, Pierce Co. Sup. Ct. Case No. 14-2-08845-6) at § III. The promissory note is secured by an apartment complex and rents derived therefrom. *Id*. Remian LLC has made no payment of any kind on its obligation to Fannie Mae since March 1, 2013, despite continuing to take (and keep) all rents from the apartment building collateral. *Id*. After Remian LLC failed to cure its default, a non-judicial foreclosure action was commenced. *Id*. Despite the foreclosure action, Remian LLC continued to collect rents, but it failed to remit them. *Id*. To stop this unlawful practice, Defendant Fannie Mae sought the appointment of a custodial receiver as provided by the Deed of Trust, to collect rents pending the completion of the non-judicial foreclosure. *Id*.

On the eve of the hearing to appoint the custodial receiver, both Remian LLC (through its managing member Hong Cheol Park) and Gregory Tift ("Tift") attempted to remove the receivership action to the Federal Court for the Western District of Washington. *See* Exhibits F (Remian LLC Notice of Removal) and G (Tift Notice of Removal). In response, Fannie Mae filed a Motion for Remand – pointing out to the federal court that each of the attempted removal notices was fatally defective. *See* Exhibit H (Motion for Remand).

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 5 of 16

After remand, the state court ordered the appointment of a custodial receiver on July 24, 2014. *See* Exhibit I (Order Appointing Custodial Receiver). On July 25, 2014 Remian LLC filed for Chapter 11 bankruptcy in this Court, and on August 4, 2014, Plaintiffs filed this complaint for damages and injunctive relief in state court. This Court has since dismissed the bankruptcy proceeding.

**B.  Ms. Alterman's Involvement.**

Ms. Alterman is an attorney who represents Defendants JPMC and Fannie Mae. Complaint ¶19. At one time, she was Successor Trustee under the Deed of Trust at issue in this matter. *Id*. The current Trustee is Defendant Rainier Foreclosure Services Inc., who is prosecuting the current foreclosure at issue in this case. *See* Exhibit D. While Ms. Alterman served as Successor Trustee, her law firm maintained offices in Vancouver, Washington, and continues to do so. *See* Exhibit A. Remian LLC has admitted this fact in a prior declaration filed in Pierce County Superior Court, contradicting its allegation against Ms. Alterman in its current Complaint. *See* Exhibit B; *see also* Complaint ¶¶20, 21, & 44.

## II.  STATEMENT OF ISSUES

Should this Court dismiss with prejudice each of Plaintiffs' claims against Ms. Alterman because Plaintiffs have failed to state a claim against Ms. Alterman?

## III.  EVIDENCE RELIED ON

This Motion to Dismiss relies upon all pleadings and documents incorporated herein, including those documents incorporated through judicial notice of prior pleadings and other public records. Each exhibit referenced herein is either a pleading filed in a pending judicial proceeding or a document recorded with the appropriate county auditor.

## IV.  AUTHORITY

Plaintiffs' allegations in this suit demonstrate that they cannot sustain any claim against Ms. Alterman in any capacity. Dismissal with prejudice is proper with respect to each and every claim alleged against her, pursuant to FRCP 12(b)(6) and 9(b).

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 4

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 6 of 16

A.     **Applicable Legal Standards.**

i.     **Dismissal pursuant to FRCP 12(b)(6) and FRCP 8.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (construing and applying Rule 8). A court must accept all alleged facts as true but should ignore "conclusory allegations or legal characterizations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 167 L. Ed. 2d 929 (2009). "[N]aked assertion[s]" of misconduct devoid of "further enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Allegations that indicate the mere possibility of misconduct do not entitle the pleader to relief. *Id*., at 679. A claim that is "merely consistent with a defendant's liability … 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 678, quoting *Bell Atlantic*, 550 U.S. at 557. The claim is also insufficient if a plausible alternative explanation of the alleged facts exists. *Bell Atlantic*, 550 U.S. at 566-68. Plausibility in the commercial context is viewed in the light of "common economic experience." *Id*. at 564. A claim lacks plausibility where allegations could be understood as prompted by lawful conduct and goals, *Id.*, at 565, including "free market behavior." *Iqbal*, 556 U.S. at 680. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Furthermore, the Court "is not required 'to divine the litigant's intent[,] create claims that are not clearly raised, . . . [or] conjure up unpled allegations." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (internal citations omitted). Dismissal is proper when Plaintiff has pled unclear or unintelligible claims. *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980).

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 5

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 7 of 16

In considering a 12(b)(6) motion, the Court may also consider any matter that is the subject of judicial notice under Federal Rule of Evidence 201, such as matters of public record, without converting the Motion into one for summary judgment. *Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Dismissal with prejudice is discretionary with the trial court for reasons of futility or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Where defects in pleading cannot possibly be cured by allegations of other facts, claims may be dismissed with prejudice. *Bly-Magee*, 236 F.3d at 1019. *See also Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (district court did not abuse discretion by dismissing complaint without leave to amend "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment"). Where, as here, the pleading is defective, futile and scurrilous, the claims should be dismissed with prejudice.

### ii. Enhanced pleading standards under FRCP 9(b).

FRCP 9(b) requires Plaintiff to plead fraud "with particularity." To avoid dismissal for inadequacy under FRCP 9(b), Plaintiff must state with particularity "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). Lumping together multiple defendants without particularizing how each of them engaged in alleged fraudulent activity is improper "group pleading" that cannot sustain a claim. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (Rule 9(b) requires Plaintiffs to differentiate their allegations to inform each defendant separately of the allegations surrounding his alleged participation in the fraud).

### B. Plaintiffs' Complaint Fails To Allege Facts Sufficient To Sustain A RICO Claim Against Ms. Alterman.

To have standing to bring a RICO claim against Ms. Alterman, each Plaintiff must demonstrate that it was injured in its business or property by reason of a violation of 18 U.S.C.
DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 8 of 16

§ 1962. *See* 18 U.S.C. § 1964(c). The injury to business or property must also be directly, not derivatively from an injury to another, caused by defendants' conduct constituting RICO violations. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992). Plaintiffs in this case make only vague, non-cognizable conclusory allegations of injury without any plausible factual pleading of how they were directly injured by any RICO predicate acts. In addition, Tift and Park make only general allegations of being derivatively situated relative to the borrower, Remian LLC.

Plaintiffs' Complaint specifically invokes § 1962(c), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) ("Liability under 18 U.S.C. § 1962(c) requires the conduct of an enterprise through a pattern of racketeering activity."). "Racketeering Activity" includes only those predicate acts specifically listed in the statute. 18 U.S.C. § 1961; *see also Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 476 (2006) (Thomas, J., concurring). Plaintiffs have not alleged even conclusory, much less plausible, allegations for any specifically identified predicate act or any of the other elements of a 1962(c) RICO claim.

Civil claims under RICO are subject to FRCP 9(b) and must be pled with particularity. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *see also Desoto v. Condon*, 371 F. App'x 822, 824 (9th Cir. 2010); *Chagby v. Target Corp.*, 358 F. App'x 805, 808 (9th Cir. 2009). The heightened requirements of Rule 9(b) for pleading fraud with particularity are designed to protect defendants from unwarranted fraud charges. *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Those reasons are particularly apt in a RICO case which is built on conclusory allegations of criminal conduct. *MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir. 1986) (a scurrilous RICO complaint damaging to reputation is not a

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 7

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 9 of 16

vehicle for airing rumor, suspicion, or mere hostility). Conclusory allegations are therefore insufficient to avoid dismissal. *See, e.g.*, *Desoto v. Condon*, 371 F. App'x 822, 824 (9th Cir. 2010) (conclusory allegations of predicate acts insufficient); *Chagby v. Target Corp.*, 358 F. App'x 805, 808-09 (9th Cir. 2009) (conclusory RICO allegations of enterprise are insufficient); *Palmer v. Dep't of Treasury*, 53 F. App'x 455 (9th Cir. 2002) (RICO requires allegations of "specific wrongful conduct").

Here, Plaintiffs' Complaint includes only mere conclusory allegations, lumping all Defendants together without specification. The Complaint alleges "[a]ll Defendants have engaged in racketeering activity as defined in 18 U.S.C. § 1961" and "all Defendants have engaged in predicate acts for the purpose of injury to the estate of Hong Cheol Park." Complaint at ¶28. It asserts conclusions of "the use of fraudulent representation, collusion, and an ongoing pattern of intimidation," none of which constitute RICO predicate acts regardless of the lack of plausible or Rule 9(b) particular pleading. Complaint at ¶28. It goes on to allege threadbare conclusions that "[a]ll Defendants meet the definition of enterprise under RICO," Complaint at ¶29, and that Plaintiffs "have suffered damages and loss of income" as a result of Defendants' alleged violations. Complaint at ¶30. The Complaint does not identify any predicate act (much less those necessary to meet the pattern requirement), any fraudulent representation, or any conduct of any described enterprise through a pattern of acts of racketeering.

Not only do Plaintiffs fail to identify any subsection of § 1961 that has allegedly been violated, but their barebones conclusory allegations fail to specify "the time, place, and specific content" of the alleged actions and fail to identify the specific parties to each action as required by Rule 9(b). *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Because Plaintiffs have not and cannot allege any of the required elements of a RICO claim against Ms. Alterman, this Court should dismiss Plaintiffs' RICO claim against Ms. Alterman with prejudice.

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 8

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 10 of 16

**C. Pursuant To FRCP 12(B)(6), 8 And 9(B), Plaintiffs' Claim For Fraudulent Misrepresentation Should Be Dismissed Because Plaintiffs Fail To Allege The Elements Of Fraud With Sufficient Particularity.**

To survive a Motion to Dismiss their claim for fraud, Plaintiffs must plausibly allege with particularity that Ms. Alterman (1) represented an existing fact, (2) that the representation was material, (3) that it was false, (4) that Ms. Alterman knew that it was false, (5) that Ms. Alterman intended that Plaintiffs would act on it, (6) that Plaintiffs were ignorant of its falsity, (7) that Plaintiffs relied on the truth of Ms. Alterman's representation, (8) that Plaintiffs had a right to rely on it, and (9) that Plaintiffs suffered damages as a result of their reliance. *See, e.g., Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194, 204 (1996). As with Plaintiffs' RICO claim, their fraud claim against Ms. Alterman is void of any specific allegations relating to her and lacks sufficient particularity to survive dismissal under Rules 12(b)(6), 8 and 9(b).

Plaintiffs' allegations of fraud are conclusory in nature and fail to identify "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Plaintiffs' generalized allegations attributed to "all Defendants" do not meet this standard as to each Defendant individually, including Ms. Alterman. To the extent Plaintiffs have alleged a fraud claim based on nondisclosure of any fact, it appears to be against the party who sold the property to Remian LLC (the other party to the "purchase contract," *see* Complaint ¶ 31), and not against any of the Defendants.

Plaintiffs fail to identify any explicit representation made by Ms. Alterman. Construing the Complaint as liberally as possible in favor of Plaintiffs, the only conceivable representation alleged to have been made by Ms. Alterman was that she claimed a Washington address in her role as Successor Trustee in a prior foreclosure action that was terminated by Fannie Mae prior to sale. *See* Complaint at ¶¶20-21. None of the Plaintiffs allege how they relied on any such representation to their injury. Moreover, they ignore the public record (including Remian LLC's own declaration) which clearly establishes that Ms. Alterman's representation of her Washington

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 9

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 11 of 16

address was truthful. *See* Exhibit A (establishing that Ms. Alterman's law firm, Kell, Alterman & Runstein, L.L.P., maintains an office in Vancouver, WA). In fact, Remian LLC admitted as much – explicitly confirming that "no violation [of RCW 61.24.030] had occurred" as a result of Ms. Alterman's physical location while acting as Successor Trustee. *See* Exhibit B (Declaration of Remian LLC's counsel in Pierce Co. Sup. Ct. No. 14-2-08845-6). In materials properly before this Court and testimony submitted by Remian LLC, Plaintiff has conceded that Ms. Alterman's representation was truthful. As a result, her representation cannot be the basis for any claim of fraud and Remian LLC is estopped from asserting it again.

Plaintiffs attribute no other representation specifically to Ms. Alterman, and they most definitely do not allege any representation made by Ms. Alterman that was both material and false and that Plaintiffs reasonably relied on to Plaintiffs' detriment. The Complaint does not even hint at fraudulent conduct by Ms. Alterman, much less allege specific acts with particularity. Plaintiffs' claim for fraud against Ms. Alterman should therefore be dismissed with prejudice.

**D. Plaintiffs Identify No Cause Of Action For Damages Under The Deed Of Trust Act Where Ms. Alterman Is A Proper Defendant.**

Plaintiffs fail to allege any facts or cite to any authority authorizing a cause of action for damages against Ms. Alterman under the Washington Deed of Trust Act. At most, Plaintiffs allege that Ms. Alterman violated the Deed of Trust Act by using a "sham address" while acting as Successor Trustee. *See* Complaint at ¶20. But Plaintiff Remian LLC has already admitted that their allegation is false, having retracting the same allegation in a prior declaration. *See* § C, *supra*. Similarly, Tift is charged with knowledge of the public record and cannot ignore it for the sole purpose of repeating frivolous allegations before a different judicial body.

Plaintiffs' alleged damages – constituting a loss of equity due to "outrageous costs and fees" related to the prior foreclosure efforts – are self-inflicted, starting when Remian LLC elected to stop paying the loan and continuing as Plaintiffs have repeatedly sought to interfere

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 10

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 12 of 16

with and obstruct otherwise proper judicial proceedings, increasing the costs of those proceedings exponentially. *See* Exhibit C (dockets from Pierce Co. Sup. Ct. Case No. 14-2-08845-6 (Receivership Action), W.D. WA Dist. Ct. Case No. 3:14-cv-05489-BHS (Receivership Action Removed), Pierce Co. Sup. Ct. Case No. 14-2-11180-6 (this action prior to removal), and W.D. WA Bank. Ct. Case No. 3:14-bk-44056-BDL (Remian LLC Ch. 11 Proceedings)); *see also* Complaint at ¶24. Plaintiffs cannot drastically and unreasonably increase the costs of a Trustee's actions and then complain to this Court that they have been damaged by those same increases. This claim should be dismissed with prejudice.

### E. Plaintiffs' Claim Against Ms. Alterman For Violation Of The Washington CPA Is Frivolous And Should Be Dismissed.

Plaintiffs limit their claim against Ms. Alterman for violation of the Washington CPA to "misleading representations…concerning her physical location" during her limited tenure as Successor Trustee for a foreclosure action that was ultimately abandoned prior to sale. Complaint ¶44. The conclusory claim fails to meet the plausibility pleading or Rule 9(b) standards. In addition, a private dispute between parties in a commercial transactional context ordinarily does not involve an act or practice affecting the general public interest as required for a CPA claim. *Hangman Ridge v. Safeco Title*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). Here there are no factual allegations of anything other than a private dispute.

Moreover, these are the same representations that Plaintiff Remian LLC has already acknowledged were in fact true. *See* § C, *supra*. Plaintiffs' CPA claim against Ms. Alterman contradicts Remian LLC's earlier sworn declaration to Pierce County Superior Court, in which Remian LLC's counsel retracted the exact same allegations and admitted having no legal or factual basis for them. *See* Exhibit B. Plaintiffs' CPA claim is not reasonably based in law or fact and should be dismissed with prejudice.

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 11

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 13 of 16

### F. Plaintiffs' Claim For Breach Of Contract And Accounting Fails As A Matter Of Law Because No Contract Exists Between Plaintiffs And Ms. Alterman.

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995) (citing *Larson v. Union Investment & Loan Co.,* 168 Wash. 5, 10 P.2d 557 (1932)); *see also Myers v. State*, 152 Wn. App. 823, 827-28, 218 P.3d 241 (2009).

Here, at most, Plaintiffs allege some type of loan agreement between Remian LLC and JPMC, *see* Complaint ¶12, or Remian LLC and Fannie Mae, *see* Complaint ¶23. JPMC and Fannie Mae are entities separate and distinct from Ms. Alterman. Plaintiffs do not and could not allege the existence of a contract between any Plaintiff and Ms. Alterman. With no agreement between Plaintiffs and Alterman, it is impossible for Ms. Alterman to owe them a contractual duty, much less show that she breached that duty, and that Plaintiffs suffered economic damages as a result of that breach. Ms. Alterman is entitled to dismissal with prejudice of Plaintiffs' claim for breach of contract.

### G. Ms. Alterman Is An Improper Defendant For Plaintiffs' Claim For Injunctive Relief.

Ms. Alterman's sole current role in this matter is as counsel to JPMC and Fannie Mae. While Plaintiffs' Complaint suggests the contrary, *see* Complaint ¶52, Ms. Alterman is not the Trustee under the Deed of Trust at issue in this matter. Public record demonstrates that Defendant Rainier Foreclosure Services Inc. is currently the acting Successor Trustee. *See* Exhibit D (Jan. 10, 2014 Appointment of Successor Trustee). In short, Ms. Alterman has no control over the pending non-judicial foreclosure action and is an improper defendant for Plaintiffs' request to enjoin the sale. As such, the claim against her should be dismissed with prejudice.

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 14 of 16

### H. Remian LLC, As A Washington Limited Liability Company, Cannot Bring This Action Unless It Is Represented By Counsel.

The Debtor is a limited liability company and not a natural person. A business entity may not appear in federal court *pro se*. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. . . . As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony*, 113 S. Ct. 716, 721 (1993) (internal citations omitted). The Ninth Circuit acknowledges the "longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004) (internal citations omitted). Remian LLC has never been represented in this case by counsel. All pleadings signed on behalf of Remian LLC have by signed by Hong Cheol Park. Remian LLC is prohibited by well established law from pursuing this litigation pro se and its claims against Ms. Alterman should be dismissed with prejudice.

### I. Park Has No Statutory Right To Restrain The Foreclosure Sale.

Park is one of two members of Remian LLC. Park does not allege that he holds an interest in the apartment building. The law in Washington is clear that a member of a limited liability company has no interest in specific limited liability company property. RCW 25.15.245(1). Under RCW 61.24.130 only the "…the borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof…" may bring an action to enjoin a Trustee's Sale. Mr. Park has no standing to pursue any claim to injunction and his claims against Ms. Alterman should be dismissed with prejudice.

### J. Dismissal With Prejudice Is Appropriate Because Plaintiffs' Claims Against Ms. Alterman Are In Bad Faith And For Dilatory Motive.

Dismissal with prejudice is appropriate when the Complaint is made in bad faith or with dilatory motive. *See, e.g., Madrueno v. Homecomings Fin. Co., LLC*, CV-09-1413-PHX-DGC, 2010 WL 1654150 (D. Ariz. Apr. 21, 2010); *In re Leavitt*, 209 B.R. 935, 939 (B.A.P. 9th Cir.

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 13

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 15 of 16

1997) *aff'd,* 171 F.3d 1219 (9th Cir. 1999). Plaintiffs' allegations against Ms. Alterman are merely another link in a long chain of frivolous and obstructionist litigation orchestrated by Plaintiff Tift. Those allegations lack any merit and were brought in bad faith and for the sole dilatory purpose of attempting to create a conflict with Ms. Alterman's representation of Defendants JPMC and Fannie Mae. In light of Plaintiff Tift's long and ever-growing history of extreme and reckless abuse of the judicial process – this time using Plaintiffs Park and Remian LLC as pawns – each claim against Ms. Alterman should be dismissed with prejudice to put an end to Plaintiffs' harassment and attempts at intimidation.

## V. CONCLUSION

For all of the foregoing reasons, Ms. Alterman respectfully requests that each of Plaintiffs' claims against her be dismissed with prejudice.

DATED on August 29th, 2014, at Seattle, Washington.

FOSTER PEPPER PLLC

*/s/ Tim J. Filer*
Tim J. Filer, WSBA# 16285
Jack Cullen, WSBA #7330

Attorneys for Defendant Susan T. Alterman

DEFENDANT SUSAN T. ALTERMAN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6),8 AND 9(b) – 14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51393506.6

Case 14-04214-BDL    Doc 4    Filed 08/29/14    Ent. 08/29/14 17:49:38    Pg. 16 of 16